Robert O. Brink, J.
This is an action brought for a declaratory judgment by the plaintiff for the purpose of determining whether or not the defendant, Nationwide Mutual Insurance Company had an insurance policy in effect covering an automobile owned by Donald R. Barrett, Jr., and operated by Leon Hanna, when the vehicle was involved in an accident on June 28, 1967. The accident resulted in injuries to one Catherine Beadle, a passenger in the car, who has instituted an action against both Barrett and Hanna.
The defendant, Barrett, was insured as an assigned risk by the defendant Nationwide under a policy issued on June 25, 1966, for the period June 25, 1966 to June 25, 1967. Defendant Hanna was also insured as an assigned risk by the plaintiff, Hartford Accident and Indemnity Company, the insurance being on his personal automobile, which was not involved in the accident from which this action arose.
On June 21, 1967, the defendant Barrett applied to one Floyd D. Harwood, a licensed insurance broker, for insurance coverage. His application, along with a check for $445 covering the full premium on the policy, was mailed to the New York State Assigned Risk Plan. Correspondence from the Assigned Risk "Plan and the date stamp on the application indicate that it was received on June 27, 1967, although plaintiff argues that the application should have been received at an earlier date. The application was then returned to the broker, Harwood, for additional information, although plaintiff contends that *873 the requested information was in fact present in the original application. The application was then resubmitted on July 5, 1967, whereupon the Assigned Bisk Plan completed the assignment to Nationwide on July 7, 1967, to be effective as of July 8,1967.
Plaintiff argues that Barrett’s application should have been accepted as originally filed, and that the Assigned Bisk Plan should have assigned the risk to Nationwide for the completion of its three-year assignment period presumably on June 23 or June 24, 1967, and in any event, no later than June 27, 1967, the day bef ore the accident.
This court does not agree with plaintiff’s contention. What we are dealing with in this case is an insurance policy that had lapsed. In addition, plaintiff admits that defendant Nationwide had given Barrett notice of the expiration date of its original policy, pursuant to section 14 of the New York Auto Insurance Plan, and that the partial payment of the premium that was due was not made by the defendant Barrett. Nevertheless, plaintiff contends that Barrett could still have obtained coverage under the plan by paying the full annual premium within 30 days (since changed to 60 days) of the expiration date, whereupon the risk would have been reassigned to the previous carrier. This conclusion is based on section 20 of the New York Automobile Insurance Plan and Circular Letter No. 115 of the Assigned Bisk Plan contained in plaintiff’s papers. However, there is nothing contained in that section or in the letter which indicates that coverage can be given a retroactive effect back to the date the application was initially received but not accepted.
Section 12 of the New York Automobile Insurance Plan provides that: u if the risk is eligible for coverage under the Plan, and requires an PS-1 or PS-30, the Plan shall issue the appropriate form. All such forms shall be effective at the time and date specified in the form but in no event shall coverage be made effective át a time and date prior to the receipt in the Plan office of the application form and deposit premium check.”
In order for these provisions of the plan to operate effectively, it must be presumed that the receipt of the application means the receipt of the completed application. Even though such an interpretation recognizes the possibility that an administrative error could have been the reason for the necessity of a second submission, this possibility alone should not furnish a sufficient basis to bind the defendant, Nationwide, to a contract of which it had no notice, for in no event can the Assigned Bisk Plan be considered the agent of the insurance company. Moreover, the assigned risk applicant subjected himself to the possibilities *874 of administrative delay or interrupted mail service when he waited until this late date to renew his policy.
The reasoning of the court in Cary v. Atlantic Mut. Ins. Co. (16 A D 2d 867) is pertinent here. In this case, there had been an accident on August 24, 1952 but the carrier had issued a policy commencing on August 26, 1952, under the rules of the Assigned Bisk Plan. The applicable rules provided that the policy be issued within two working days after receipt by the carrier of the notice of designation. Consequently, the action was brought to reform the insurance policy to make the effective date of the policy August 23, 1952, on the assertion that the carrier was designated by the Assigned Bisk Plan on August 21, 1952.
In reversing the lower court’s reformation of the policy to the earlier date, the court emphasized that the evidence did not sustain a finding that the defendant had actually received notice of designation on August 21, 1952.
Although the Cary case involved a situation where the risk was being assigned for the first time, its rationale is applicable to the facts of this case inasmuch as Barrett’s policy had been terminated and Nationwide had not been given notice of the assignment.
In the absence of any early notice given the defendant Nationwide by the Assigned Bisk Plan, and the total lack of any impropriety on the part of Nationwide, it is the decision of this court that there is no factual basis on which a conclusion could be reached holding Nationwide responsible for carrying insurance on the defendant Donald B. Barrett, Jr., at the time the accident occurred. The complaint should be dismissed.